```
 1

 2                    IN THE UNITED STATES DISTRICT COURT

 3                             DISTRICT OF ARIZONA

 4
      UNITED STATES OF AMERICA,      )
 5                                   )
                  Plaintiff,         )
 6                                   )
                                     )
 7    vs.                            )   CR-10-0239-TUC-DCB
                                     )
 8                                   )
      ADRIAN COOPER,                 )
 9                                   )
                  Defendant.         )   Tucson, Arizona
10    _____ )    May 25, 2012

11

12                   BEFORE HONORABLE DAVID C. BURY
                      UNITED STATES DISTRICT JUDGE
13                          405 W. CONGRESS
                         TUCSON, ARIZONA 85701
14

15                        JURY TRIAL - DAY 4

16

17                    A P P E A R A N C E S

18    ON BEHALF OF THE GOVERNMENT:      MR. JESSE FIGUEROA
                                        ASSISTANT U.S. ATTORNEY
19
                                        MS. KAREN ROLLEY
20                                      ASSISTANT U.S. ATTORNEY

21    ON BEHALF OF THE DEFENDANT:       MR. STEVEN D. WEST
                                        ATTORNEY AT LAW
22

23                      CHRIS WALLACE, RPR, CRR
                       405 W. CONGRESS, SUITE 1500
24                       TUCSON, ARIZONA 85701
                            (520)205-4268
25
          Proceedings prepared by computerized realtime translation.
```

P R O C E E D I N G S

THE COURT: Back on the record in United States of America versus Cooper. Counsel and the defendant are present.

We had a question from the jury, which I guess both lawyers have seen, asking for transcripts of four witnesses.

I am sorry to bother you to get you over here for this simple of a topic, but I am not going to send transcripts of testimony to the witnesses.

THE COURT: Does anybody want to make a record on that

MR. WEST: No. The only thing I contemplated -- I did not know if you want to tell them they will not receive any transcripts, please rely on your collective memory.

THE COURT: Which we have already told them. I guess I can tell them again.

I can say --

MR. WEST: Or refer to the instructions. That seems kind of bland.

THE COURT: No transcripts will be provided; you are to rely on your memory as to the facts.

MR. FIGUEROA: Fine with me.

MR. WEST: Fine. Thank you, sir.

THE COURT: Rely on your memories or rely upon your memory?

MR. FIGUEROA: Rely on what you remember.

1               MR. WEST:  That's why courts have used collective
2      memories.
3               THE COURT:  This will be part of the record, and I
4      will have Michael make a copy of that.  But that original will
5      go back into the jury room so we will have a record.
6               Anything else?
7               MR. FIGUEROA:  When do we go to lunch?
8               THE COURT:  Cathy will call you.
9               She will probably do that by no later than a quarter
10     to twelve because she has to make arrangements to get them
11     lunch if they want lunch brought in.  She will go in about
12     quarter to twelve asking them what they want to do.
13              MR. FIGUEROA:  Wait to hear.
14              MR. WEST:  I am going down to the library to hang
15     out.
16              THE COURT:  Do you have your phone?
17              MR. WEST:  Absolutely.
18              THE COURT:  All right.
19              We are at recess.
20              (Brief recess)
21              THE COURT:  Back on the record with counsel and
22     defendant.
23              We have a note from the jury, and they have a
24     unanimous verdict on two counts.
25              You got a copy of the note; did you?

1        MR. FIGUEROA:  I have seen it.

2        DEFENSE COUNSEL:  Yes.

3        THE COURT:  And they cannot agree on one count.

4        Before I ask you.

5        To me, if it were guilty on those two counts, the

6    third count would not matter in terms of a sentence.

7        If it were not guilty on those two counts, then I

8    don't know what the government would want to do with that.

9        MR. FIGUEROA:  Your Honor, you have seen the

10   conversation I had with Mr. West.

11       If it's not guilty, I would not want to try the third

12   count again.  Having said that, there are exceptions to every

13   rule.  I would have to run it by my victims, but I can't see me

14   trying this case again.

15       THE COURT:  I agree.

16       MR. FIGUEROA:  Those are my thoughts.  In the usual

17   circumstance you tell them to try again, inquire if they could

18   for sure.

19       THE COURT:  the only reason I hesitate to do that,

20   Mr. West, in particular is that the case is pretty simple,

21   actually, when it gets down to relevant facts.

22       And to force them to do that, I think would just

23   result in some frustration.

24       Now, with the representation from the government as

25   to what it would do in the event there are not guilty -- let's

1    say -- I guess, supposedly, there could be one guilty and one

2    not guilty.  Could be a combination; right?

3              MR. WEST:   We hadn't contemplated that one.

4              THE COURT:  If there is a guilty verdict as to any

5    count, it isn't going to make any difference on the sentencing;

6    right?

7              MR. FIGUEROA:  Not as far as I'm concerned.  If I get

8    a guilty on anything, that will be it.

9              THE COURT:  So why do we force them?

10             MR. WEST:  I'm not suggesting we force them to

11   deliberate, but I think we ought to just make a record.

12             THE COURT:  Yes.

13             MR. WEST:  Just ask them if they think any more time

14   would help them on a third count; and, if not, we will take the

15   verdict.

16             Those are my thoughts.

17             THE COURT:  I guess we could do that in a written --

18   I think it's a good thought -- a written response, or I could

19   bring them in here.  Just thinking outloud.  I could send back

20   an answer that the court can accept a partial verdict.

21             MR. WEST:  I think it would be quicker to bring them

22   in.

23             THE COURT:  Do you want me to ask them about being

24   deadlocked on the other count or just question them as to

25   whether or not they individually -- whether they think any

1    additional time would result in a verdict as to the third

2    count?

3          I'm not going to look at the partial verdict until I

4    ask them the question.

5          MR. WEST:  I guess the way I would envision handling

6    it is asking the foreperson if he believed any additional time

7    would accommodate a verdict.  And if he says no, then just

8    collectively say, is there anyone that disagrees with him?  And

9    if you don't get any response, then we just go ahead and accept

10   the partial verdict.

11         THE COURT:  If we do get a response, then we say

12   nothing else, and say, I'll send you back.

13         MR. WEST:  Yes, sir.

14         THE COURT:  Is that acceptable?

15         MR. FIGUEROA:  That's acceptable, yes.

16         THE COURT:  Bring in the jury.

17         Good question from Cathy.  Can this actually happen

18   before if they don't have a verdict; they probably haven't

19   executed the verdict as to the two counts they agree on.

20         THE COURT:  I can either have her tell them to do

21   that, execute the verdict that they have arrived at, or I could

22   just not say anything about it and send them back for purposes

23   of executing the verdicts.

24         My preference really is the former because I think

25   what we will do here is -- do you want me to do that?

1      MR. WEST:  Just if they haven't executed those

2  documents, would they do that, and then we will bring them into

3  court.

4      THE COURT:  Have them complete the verdict form as to

5  the counts that they agree upon, and let you know when you

6  bring them out, but not to show that verdict to anybody.

7      (Pause)

8      THE COURT:  Back on the record in United States

9  versus Cooper, and the jury is ready to come in, and the jury

10 suspects based on something they said to her that they were

11 where they were before, that is to say a partial verdict, so we

12 will do the same things that we discussed.

13     If you want, before I actually receive the verdict,

14 if you want to do anything, get anything on the record, you can

15 approach sidebar.

16     MR. WEST:  I can't think of anything.

17     THE COURT:  Based on what they say or don't say.

18     MR. WEST:  Understood.

19     THE COURT:  So let's get the jury.

20     (Thereupon at 11:35 AM the jury entered the

21 courtroom, after which the proceedings resumed as follows:)

22     Be seated, please.

23     We now have our jury in the box.

24     Ladies and gentlemen, I am going to ask you a couple

25 of questions, and just don't say anything unless I ask you a

```
 1        question, and then just be responsive, directly responsive to
 2        the question.
 3               Juror number five, are you the foreperson of the
 4        jury?
 5               PROSPECTIVE JUROR:  Yes.
 6               THE COURT:  Has the jury arrived at a partial verdict
 7        in the case?
 8               THE JUROR:  Yes.
 9               THE COURT:  There are three counts.  Is the verdict
10        as to any one of those counts, where you did arrive at a
11        verdict, unanimous?
12               THE JUROR:  Yes.
13               THE COURT:  So is there one count upon which there is
14        no executed verdict; correct?
15               THE JUROR:  Correct.
16               THE COURT:  Do you think in your view as the
17        foreperson that any additional time in deliberations would be
18        worthwhile in arriving or may arrive at a verdict as to the one
19        count?
20               THE JUROR:  Can you rephrase that.
21               THE COURT:  You have a verdict which is executed as
22        to two counts only; correct?
23               THE JUROR:  Yes.
24               THE COURT:  So there's one count upon which there is
25        no unanimous verdict.
```

1          My question is:  Do you think that if the jury was

2     given additional time to deliberate that you could arrive at a

3     verdict on that count?

4          THE JUROR:  No.

5          THE COURT:  Ladies and gentlemen, the rest of you.

6     Did you hear and understand that question,  the question being

7     whether any of you -- if you think so, you can raise your hand.

8          We will have a show of hand.  Do you think if given

9     additional time and deliberations that the jury could arrive at

10    a unanimous verdict as to the count where you have not made a

11    decision?

12         Anybody think so?

13         THE COURT:  All right, counsel, I propose that we

14    receive a partial verdict?

15         MR. FIGUEROA:  No objection, Your Honor.

16         MR. WEST:   That's fine.

17         THE COURT:  Foreperson, if you would pass the verdict

18    to Cathy, please.

19         The verdict is executed and signed.

20         I would have the clerk publish the verdict which

21    simply means, ladies and gentlemen, that the verdict is read

22    allowed in open court.  Please listen to the reading of the

23    verdict because you might be called upon to state whether or

24    not this is your verdict, or the verdict of the jury, and the

25    verdict of each of you.

1          So I will have the verdict published at this time as

2     to those counts upon which there is a verdict.

3          THE CLERK:  In the matter of United States of America

4     versus Adrian Cooper.  We the jury find  the defendant Adrian

5     Cooper not guilty as charged in Count 2 of the indictment,

6     assault on a federal Bureau of Prisons Curtis Campbell; not

7     guilty on charged on Count Three of the indictment, assault on

8     Federal Health Services secretary Joan Rene Harmon.

9          Signed by the foreperson this date.

10          THE COURT:  Does either counsel wish the jury to be

11     polled?

12          MR. FIGUEROA:  I do not, ladies and gentlemen.

13          THE COURT:  I will receive and record and file this

14     partial verdict.

15          The foreperson's name and signature will be redacted

16     from the form of verdict before it's filed, so there will be no

17     public record with your name on it.

18          And this will conclude your services in the case.  I

19     want to thank you for your service on this jury, the time, and

20     attention that you have committed to this case, and I can

21     release you from the admonition.  You may speak to anyone or no

22     one.

23          If you do choose to speak to someone, though, you

24     should regard your actual deliberations, your discussions while

25     deliberating as privileged, and not discuss that.

1           We will also call your alternate juror.

2           Thank you very much for your service.

3           Now, actually I would like to come back in the jury

4    room and thank you personally, respond to any questions you

5    might have about the case or the process because jurors

6    frequently have questions.  Let me see, I can't hear any

7    tummies growling.  I know you are anxious to get out of here,

8    but I can be back in there in a few minutes if you want to hang

9    around.  I can excuse you.

10           Thank you for your service.

11           (Thereupon the jury exited the court after which the

12    proceedings resumed as follows:)

13           THE COURT:  The jury is out of the room.

14           Now, Mr. Cooper is in custody, so I don't have to

15    make any decisions about that.

16           Counts 2 and 3 will be dismissed based upon the

17    jury's verdict.  And, I guess, since, Mr. Figueroa, based on

18    our conversation before you can't state for certainty as to

19    Count 1.

20           Just to keep track of the case, I should set a trial

21    date, I guess, on Count 1 just to keep track of the case, and

22    then you can notify the court or file --

23           MR. FIGUEROA:  We will reach a decision by next

24    week.

25           THE COURT:  Okay.

1                    So I will just make up a trial date.

2                    THE COURT:  How about August 14, 2012, and then we'll

3          talk about that date if there were to be a trial on Count 1, we

4          will talk about that date later.  And in the meantime I will

5          hear from the government within a week or so.

6                    Anything further?

7                    THE GOVERNMENT:  Nothing, Your Honor, thank you.

8                    THE COURT:  Thank you.

9                    We are adjourned.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1
2
3
4
5                      C E R T I F I C A T E
6
7          I Chris Wallace, certify that I took the shorthand
8     notes in the foregoing matter; that the same was transcribed
9     under my direction; that the preceding pages of 12 typewritten
10    matter are a true, accurate and complete transcript of all the
11    matters adduced, to the best of my skill and ability.
12
13                                    s/Chris Wallace
14                           _____
                             CHRIS WALLACE, RPR, CRR
15
16    Dated:
17
18
19
20
21
22
23
24
25

UNITED STATES  DISTRICT COURT